# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CECCHETELLI, et. al.,<br><br>        Defendants. | Case No. 19-CR-10459-RWZ |

## MOTION FOR TEMPORARY PROTECTIVE ORDER

The United States respectfully moves for a temporary protective order to govern disclosure of preliminary discovery related to the anticipated detention hearings in this case. A proposed temporary protective order is attached as Exhibit 1 (the "Temporary Protective Order").

Due to the ongoing nature of the initial appearances and appointments of counsel in this matter, the government has not been able to confer with all defense counsel as to the proposed Temporary Protective Order or this motion. Additionally, the government files this motion as soon as practicable in order to commence the process by which discovery that will be pertinent to any anticipated detention hearings can be provided to defense counsel. Accordingly, the government respectfully requests that the Court endorse and enter the proposed Temporary Protective Order as attached.

Once the Court signs the Temporary Protective Order, the government will begin producing preliminary discovery to each defense counsel.

As grounds for the necessity of a Temporary Protective Order in this case, the government states as follows:

    1.    The Indictment charges the defendants with being leaders, members, or associates of the criminal organization known as the Almighty Latin Kings and Queens Nations (the "LATIN

KINGS"), and further alleges that each of the defendants engaged in racketeering conspiracy in violation of 18 U.S.C. § 1962(d), distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, or felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See generally* Indictment, Dkt. No. 1.

2. The pattern of racketeering activity alleged in the Indictment includes acts involving murder and attempted murder, acts involving robbery, and acts involving tampering with or retaliating against witnesses, victims, and informants. *See* Indictment, ¶ 8.

3. As further grounds, the government incorporates by reference the Affidavit in Support of Detention filed by FBI Special Agent Dominic Coppo, previously filed in this case as Dkt. No. 12-1 ("Coppo Aff."). Among other things, the Coppo Aff. summarizes (a) how LATIN KINGS is a violent criminal enterprise with members across the United States who have committed crimes including murder, assault, robbery, witness intimidation and retaliation, *see* Coppo Aff. at pp. 12-168; (b) how LATIN KINGS members have been responsible for significant violence in Massachusetts in recent years, including numerous shootings, beatings, and stabbings, *see inter alia* Coppo Aff. at pp. 47-146; (c) how the defendants are alleged to be members of the LATIN KINGS operating in Massachusetts, Connecticut, and Rhode Island, *see* Coppo Aff. at ¶¶ 4-51; and (d) how members of the LATIN KINGS allegedly participated in multiple shootings, robberies, beatings, stabbings, and other acts of violence, in addition to distributing cocaine base and other controlled substances. *See* Coppo Aff. at pp. 47-168. The evidence against the defendants includes numerous recordings substantiating the commission and conspiracy to commit shootings, stabbings, beatings, and drug distribution engaged in by the LATIN KINGS. *See* Coppo Aff. at pp. 47-168.

4. The discovery in this case is expected to contain highly sensitive materials, including information about witnesses, victims, and co-conspirators, and it is the government's position that the lives of witnesses, potential witnesses, and their families—and even co-conspirators and their families—may be at significant risk if discovery materials are not afforded the highest levels of confidentiality and protections.

5. Indeed, the LATIN KINGS specifically endeavors to obtain copies of court "paperwork" concerning witnesses and those cooperating with law enforcement. *See e.g.,* Coppo Aff. at pp. 31-32, 47-50, 56-59, 62-66, 73-77, 89-98., 102-105, 107-115. The LATIN KINGS reviews paperwork on individuals to determine whether or not they provided information to law enforcement or otherwise cooperated with investigations and prosecutions. In this case, recordings have been made of members of the LATIN KINGS reviewing discovery materials (police reports and grand jury minutes) from criminal cases in order to identify individuals who have cooperated with law enforcement. *See e.g.,* Coppo Aff. 65 ("A. RODRIGUEZ states, "Hey yo, now this is my question, is it a police report or is it minutes?" W. PEGUERO says "I got the, I got the whole, I got the whole page, it's like from, it's like a court document."). Following the review of the paperwork, LATIN KINGS members engaged in violence, intimidation and harassment of victims, witnesses and cooperators. Such violence, intimidation and harassment is believed to have already been undertaken by the LATIN KINGS against multiple victims, witnesses and cooperators to the racketeering activity committed by the enterprise during the period of the conspiracy charged in this case. *See* Coppo Aff. at pp. 31-32, 47-50, 56-59, 62-66, 73-77, 89-98, 102-105, 107-115.

6. The Temporary Protective Order is intended solely to govern the discovery materials to be produced in anticipation of the Detention Hearings. These materials will be identified by the "JENCKS" Bates number prefix. As the name would suggest, this Temporary

Protective Order is intended to be a temporary measure in order to ensure defense counsel have immediate access to the discovery materials necessary for the detention hearings. Once all defense counsel are assigned and matters of detention are determined, the government intends on later seeking a Protective Order that will govern the voluminous global discovery in this case.

7. The government intends to confer with defense counsel and Michael Andrews (the Case Budgeting Attorney) in order to best arrange for a means of secure delivery of the global discovery in this case to the defendants. For example, as has been accomplished successfully in a prior large racketeering conspiracy case involving demonstrated threats and violence towards victims, witnesses and cooperators, *United States v. Recines-Garcia, et. al.*, 15-CR-10338-FDS. In that case, the government produced discovery to the defendants digitally for their review at the facility where they are housed.

Accordingly, based on the heightened safety and security concerns present in this case, the government respectfully requests that the Court endorse and enter the proposed Temporary Protective Order attached as Exhibit 1.

    Respectfully submitted,

    ANDREW E. LELLING
    United States Attorney

    /s/ *Philip A. Mallard*
    Emily Cannon
    Philip A. Mallard
    Assistant United States Attorneys
    One Courthouse Way
    Boston, MA 02210
    617-748-3120
    emily.cannon@usdoj.gov
    617-748-3674
    philip.mallard@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

            By: */s/ Philip A. Mallard*
               PHILIP A. MALLARD
               Assistant United States Attorney