UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. 19-CR-10459-RWZ |
| MICHAEL CECCHETELLI, et. al., | |
| Defendants | |

**STATUS REPORT REGARDING DISCOVERY**

The United States files this status report to advise the Court as to the government's intended plan and timeline for discovery production.

**I.    Timing and Status of Discovery**

The government is requesting that the case be designated as a complex case under Local Rule 116.1(f), based upon the number of parties, the volume of discovery, factual difficulty of the subject matter, amount of time needed to prepare for trial, and the judicial resources required.

The government is seeking 90 days from initial appearances to make its initial production of automatic discovery materials. Local Rule 116.1(e) ("The date may be extended on motion or request of any party."). The 90-day date is on or about March 4, 2020. The government has informed the Court that it would be seeking a protective order in the case prior to making any global discovery productions (e.g., ECF #43, p. 4).

On December 6, 2019, the government filed and this Court entered a Temporary Protective Order governing the disclosure of initial discovery materials comprising nearly 1000 pages provided in relation to the numerous detention hearings held in this matter (the "Detention Discovery") (ECF #s 43, 70). The government has produced the Detention Discovery to all

counsel of record, and provided additional supplementary materials including documents, and recordings that were used for individual defendants at the various detention hearings.

The amount of discovery in this case exceeds 100,000 pages, and includes Title III interceptions, numerous search warrants, and supporting documentation and court papers, thousands of recordings of telephone calls, text messages, and associated line sheets, audio and video recordings of incidents and meetings, social media captures, reports and documentation concerning drug and firearm purchases. The government has not yet begun producing global discovery materials because the materials are still being prepared for disclosure, including redactions of sensitive information that would implicate safety concerns of government witnesses. Furthermore, the Protective Order governing global discovery has not yet been entered. Once the Protective Order is in place, the government anticipates the initial production of discovery materials to defense counsel to follow shortly thereafter.

Additionally, the government has begun to address the circumstances of making the numerous recordings in this case available to the defendants who are detained. The government has spoken with Case Budgeting Attorney Michael Andrews on this subject, and he has commenced an inventory of the number of court computers that are available for distribution to the various detention facilities. The government has also commenced an inventory of computers that are in its possession and available for this purpose. Once the information is received from Mr. Andrews regarding the number of computers that are available, the government will undertake the logistical work of securing these computers, preloading those computers with the software and settings necessary to play the recordings, and transporting those computers to the various facilities where the defendants are detained.

The government states that there are thousands of hours of recordings in this case, and comprise hundreds of gigabytes of data. As such, the recordings will need to be pre-loaded onto hard drives and those hard drives will be produced to the detention facilities and connected to the computers. This coordination with Mr. Andrews concerning the defendants' access to the recordings at detention facilities is ongoing, and will continue through the ninety day period sought by the government and afterwards.

## II.     Timing and Status of Protective Order

Given the significant safety concerns present in this case, and the nature and circumstances of the charges as detailed in the Detention Affidavit and presented to the Court through numerous detention hearings, this case necessitates a more comprehensive protective order than the typical case. The government intends to circulate a draft protective order with the defense group by the end of next week, and some members of the defense have already begun discussing the terms of a proposed protective order with the government.

Given the number of defendants, the issues involved, and the anticipation that not all defense counsel will agree to the terms of the Protective Order, the government intends to file its Motion for Protective Order and Proposed Protective Order within two weeks of today's date (i.e., on or before January 17, 2020). The Court can then schedule a hearing on the government's Motion for Protective Order or otherwise address the government's motion at the same time as the Initial Status Conference in order to address any objections or oppositions filed by defense counsel to the government's motion.

As such, the government's proposed timeline anticipates a Protective Order to be in place potentially by February 3, 2020, and the production of automatic discovery to counsel to

commence shortly thereafter, well in advance of the ninety-day period for automatic discovery sought by the government.[1]

                                                  Respectfully submitted,

                                                  ANDREW E. LELLING
                                                  United States Attorney

                                  By:    */s/ Philip A. Mallard*
                                                  Philip A. Mallard
                                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  January 3, 2020                                */s/ Philip A. Mallard*
                                                                Philip A. Mallard
                                                                Assistant United States Attorney

---

[1] Once the laptop computers have been provisioned at the detention facilities and other logistics relating to their setup have been finalized, the production of the recordings to the facilities will follow soon thereafter.