UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 19-cr-10459-RWZ |
| MICHAEL CECCHETELLI *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>UNITED STATES' STATUS REPORT REGARDING THE COURT'S ORDER DENYING, WITHOUT PREJUDICE, A PROTECTIVE ORDER IN THIS MATTER</u>**

On February 12, 2020, the Court denied, without prejudice, the government's request for a protective order for the discovery in this matter. [D. 508].

Among other things, the Court found that the Motion did not sufficiently make a particularized showing as to each defendant and did not make a sufficient showing of particularized need as to every document to be produced in the case. [D. 508]. The Court went on to state:

> It is therefore suggested, although not required at this juncture, that the government and defense counsel consider employing categories of discovery material with different levels of restrictions similar to those used in the second amended protective order in *United States v. Recines-Garcia*, Crim. No. 15-10338-FDS (Docket Entry # 372) (D. Mass. Apr. 11, 2016). Going forward, the government, defense counsel, and Coordinating Discovery Attorney, Russell M. Aoki, Esq. shall meet and confer to address these and other concerns and make a good faith, concerted effort to agree to the terms of a mutually acceptable protective order.

[D. 508].

The instant filing is intended to update the Court regarding events in the wake of its Order.

Since February 12, 2020, the government and representatives of defense counsel[1]

---

[1] The defendants' attorneys have created a sub-group of representative attorneys who will endeavor to work with the government on the issues relating to the protective order and discovery in this matter.

1

("representatives") have both spoken to the Court's Coordinating Discovery Attorney and have undertaken to resolve the disputes in this matter along the lines of what has been suggested by the Court.

The government has provided the representatives with an Index of the materials (the Index identifies in excess of 6,000 items) that the government sought to produce in its first round of discovery. It is expected that this Index will be the basis of discussions about what materials would, and would not, need to be the subject of the protective order.

The government representative attorneys met in person on Monday, March 2, 2020, and will meet further on Monday March 9, 2020 as part of their efforts to reach agreement on a suitable protective order.[2]

Respectfully submitted,<br>
ANDREW E. LELLING<br>
UNITED STATES ATTORNEY<br>
<br>
By:   /s/ Mark J. Grady<br>
Mark J. Grady<br>
Assistant U.S. Attorney

---

[2] While the government had previously represented to the Court that had anticipated producing in excess of 40,000 pages of discovery by this time, the government cannot make such a production. Any discovery items produced in the current procedural posture, regardless of their sensitivity, would be subject to no protective order *at all*. The government does not believe it was the Court's intent that discovery be provided in the absence of any protective order.
 To address this issue, the government has proposed to provide the available discovery on a rolling basis under the terms of a temporary version of its proposed order, pending the resolution of the terms of a subsequent protective order. To date, the representatives have not agreed to that proposal.
 Several attorneys in this matter have approached the government, independently of the representatives, to pursue such a course. The government is engaged in discussions about a suitable agreement for those defendants who wish to obtain the discovery, expeditiously, on an interim basis pursuant to such a temporary protective order.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

Date: March 5, 2020