UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,
        Plaintiff
vs.                                Case No. 1:19-cr-10459-RWZ-1
MICHAEL CECCHETELLI,
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,
        Plaintiff
vs.                                Case No. 1:19-cr-10459-RWZ-4
JORGE RODRIGUEZ
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,
        Plaintiff
vs.                                Case No. 1:19-cr-10459-RWZ-6
FRANCISCO LOPEZ,
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,
        Plaintiff
vs.                                Case No. 1:19-cr-10459-RWZ-8
JUAN LIBERATO,
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,
        Plaintiff
vs.                                Case No. 1:19-cr-10459-RWZ-9
ANGEL ROLDAN,
        Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT OF DETENTION HEARING/ARRAIGNMENT
BEFORE THE HONORABLE MARIANNE B. BOWLER
AT BOSTON, MASSACHUSETTS
ON DECEMBER 11, 2019

Prepared by:  Karen M. Aveyard,
              Approved Federal Court Transcriber

-------------------------------------------------------

**TRANSCRIPTION PLUS**
**1334 ELM STREET**
**LEOMINSTER, MASSACHUSETTS 01453**
**(978) 466-9383**
**k.aveyard@comcast.net**

APPEARANCES:

For the Plaintiff:
Philip A. Mallard, Assistant United States Attorney
Glenn A. MacKinlay, Assistant United States Attorney United
States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3674

For Defendant Michael Cecchetelli:
Michael C. Bourbeau, Esquire
Bourbeau & Bonilla, LLP
80 Washington Street, Building K
Norwell, Massachusetts 02061
617-350-6565

For Defendant Jorge Rodriguez:
James L. Sultan, Esquire
Rankin & Sultan
151 Merrimac Street, 2nd Floor
Boston, Massachusetts 02114
617-720-0011

For Defendant Francisco Lopez:
Leonard E. Milligan, III, Esquire
Milligan Rona Duran & King, LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
617-395-9570

For Defendant Juan Liberato:
James J. Cipoletta, Esquire
Cipoletta & Noonan
385 Broadway
Revere, Massachusetts 02151
781-289-7777

For Defendant Angel Roldan:
John A. Amabile, Esquire
Amabile & Burkly, PC
380 Pleasant Street
Brockton, Massachusetts 02301
508-559-6966

1                    P R O C E E D I N G S

2

3              THE CLERK:   The United States District Court for the

4    District of Massachusetts is now in session, the Honorable

5    Marianne B. Bowler presiding.   Today is December 11, 2019

6    (inaudible) case of the United States versus Cecchetelli,

7    Rodriguez, Lopez, Liberato and Roldan, Criminal 19-10459.   For

8    the record, these are defendants numbered 1, 4, 6, 8 and 9.

9    This matter will now be heard.

10              Will counsel please identify themselves for the

11   record.

12              MR. MALLARD:   Good morning, your Honor.   Philip

13   Mallard for the United States.   I'm joined by AUSA Glenn

14   MacKinlay.

15              MR. MacKINLAY:   Good morning.

16              THE COURT:   Good morning.

17              Going down the list, for Mr. Cecchetelli?

18              MR. BOURBEAU:   Yes.   Good morning, your Honor.

19   Michael Bourbeau for Michael Cecchetelli.

20              THE COURT:   Thank you very much.

21              For Mr. Rodriguez?

22              MR. SULTAN:   Good morning, your Honor.   James Sultan

23   for Mr. Rodriguez.

24              THE COURT:   Thank you.

25              For Mr. Lopez?

1           MR. MILLIGAN:  Hello, your Honor.  I'm Leonard

2   Milligan for Mr. Lopez, who is the third from the left.

3           THE COURT:  Thank you.

4           For Mr. Liberato?

5           MR. CIPOLETTA:  Good morning, your Honor.  James

6   Cipoletto on behalf of Mr. Liberato, who is in the first row,

7   second from left.

8           THE COURT:  Thank you.

9           And for Mr. Roldan?

10          MR. AMABILE:  John Amabile, your Honor.  I represent

11  Mr. Roldan.

12          THE COURT:  Thank you very much.

13          Well, we're here for the purpose of detention and

14  arraignment.

15          MR. BOURBEAU:  Mr. Cecchetelli is prepared to be

16  arraigned.  He is going to submit to voluntary detention.

17          THE COURT:  Alright.

18          MR. SULTAN:  Your Honor, Mr. Rodriguez is in the same

19  position.  He will agree to voluntary detention and is prepared

20  to be arraigned.

21          THE COURT:  Alright.  Mr. Lopez?

22          MR. MILLIGAN:  Same position, your Honor, voluntary

23  detention without prejudice.

24          THE COURT:  Alright.  Mr. Liberato?

25          MR. CIPOLETTA:  Your Honor, Mr. Liberato would like to

1     be interviewed.  We're in the process of working with Pretrial

2     Services to schedule a detention hearing after his interview.

3               THE COURT:  So voluntary detention until the interview

4     is completed and we can pick a date.

5               MR. CIPOLETTA:  Yes.  Yes.  Thank your Honor.

6               THE COURT:  Alright.  Mr. Amabile?

7               MR. AMABILE:  Your Honor, we're prepared for

8     arraignment and are going to agree to detention without

9     prejudice.

10              THE COURT:  So as to all five defendants present here

11    in court, an order of voluntary detention without prejudice.

12    As to Mr. Liberato, I'll be expecting a motion as soon as the

13    interview and a package is put together.  Then we'll give you a

14    prompt hearing.

15              I'll proceed in the order in which the defendants are

16    named with the arraignment.  So starting with Mr. Cecchetelli,

17    if you'll please stand.

18              Mr. Bourbeau, have you reviewed the Indictment with

19    your client?

20              MR. BOURBEAU:  I have.

21              THE COURT:  And have you explained the nature of it to

22    him?

23              MR. BOURBEAU:  Yes, I have.

24              THE COURT:  And does he understand it?

25              MR. BOURBEAU:  He does.

1           THE COURT:   Is he prepared to be arraigned here today?

2           MR. BOURBEAU:   Yes.

3           THE COURT:   And does he waive the reading of the

4     Indictment in its entirety?

5           MR. BOURBEAU:   He does.

6           THE COURT:   The maximum penalty, please.

7           MR. MALLARD:   Thank you, your Honor.

8           This defendant is charged in Count 1 of the

9     Indictment, which is conspiracy to conduct enterprise affairs

10    through a pattern of racketeering activity.   That charge

11    carries a 20-year maximum term of imprisonment, a term of

12    supervised release of up to three years, a fine of $250,000, a

13    special assessment of up to $100, and forfeiture as referenced

14    in the Indictment.

15          THE COURT:   Thank you.

16          Mr. Putnam?

17          THE CLERK:   Mr. Cecchetelli, as to Count 1 of the

18    Indictment charging conspiracy to conduct enterprise affairs

19    through a pattern of racketeering activity, in violation of

20    Title 18, United States Code, Section 1962(d), how do you

21    plead?

22          DEFENDANT CECCHETELLI:   Not guilty.

23          THE COURT:   Alright.   You may be seated.

24          Mr. Sultan, have you reviewed the Indictment with your

25    client?

1          MR. SULTAN:  Yes, your Honor.

2          THE COURT:  And have you explained the nature of it to

3     him?

4          MR. SULTAN:  Yes, your Honor.

5          THE COURT:  And does he understand it?

6          MR. SULTAN:  Yes, your Honor.

7          THE COURT:  Is he prepared to be arraigned here today?

8          MR. SULTAN:  Yes, your Honor.

9          THE COURT:  And does he waive the reading of the

10    Indictment in its entirety?

11         MR. SULTAN:  He does.

12         THE COURT:  The maximum penalty, please.

13         MR. MALLARD:  Thank you, your Honor.

14         This defendant is charged in Count 1, which is

15    conspiracy to conduct enterprise affairs through a pattern of

16    racketeering activity.  That carries a 20-year maximum term of

17    imprisonment, a term of supervised release of up to three

18    years, a fine of up to $250,000, a special assessment of $100,

19    and forfeiture as referenced in the Indictment.

20         He's also charged in Count 2 of the Indictment, which

21    is conspiracy to distribute, and possession with intent to

22    distribute cocaine and cocaine base, in violation of 21 U.S.C.

23    Section 846.  That carries a maximum penalty of 20 years of

24    imprisonment, a term of supervised release of at least three

25    years and up to life, a fine of up to $1 million, a special

1      assessment of $100, and forfeiture as referenced in the

2      Indictment.

3                THE COURT:   Thank you.

4                Mr. Putnam.

5                THE CLERK:   Mr. Rodriguez, as to Count 1 of the

6      Indictment charging conspiracy to conduct enterprise affairs

7      with a pattern of racketeering activity, in violation of

8      Title 18, United States Code, Section 1962(d), how do you

9      plead?

10               DEFENDANT RODRIGUEZ:   Not guilty.

11               THE CLERK:   And as to Count 2 of the Indictment

12     charging conspiracy to distribute, and possession with intent

13     to distribute cocaine and cocaine base, in violation of

14     Title 21, United States Code, Section 846, how do you plead?

15               DEFENDANT RODRIGUEZ:   Not guilty.

16               THE COURT:   Alright.   You may be seated.

17               Mr. Milligan?

18               MR. MILLIGAN:   Thank you, your Honor.

19               THE COURT:   You're welcome.

20               Have you reviewed the Indictment with your client?

21               MR. MILLIGAN:   I have.

22               THE COURT:   And have you explained the nature of it to

23     him?

24               MR. MILLIGAN:   I have.

25               THE COURT:   And does he understand it?

```
1              MR. MILLIGAN:  He does.

2              THE COURT:  Is he prepared to be arraigned here today?

3              MR. MILLIGAN:  He is.

4              THE COURT:  And does he waive the reading of the

5    indictment in its entirety?

6              MR. MILLIGAN:  He does.

7              THE COURT:  The maximum penalty, please.

8              MR. MALLARD:  Thank you, your Honor.

9              This defendant is charged only in Count 1, which is

10   conspiracy to conduct enterprise affairs through a pattern of

11   racketeering activity.  That carries a 20-year maximum term of

12   imprisonment, a term of supervised release of up to three

13   years, a fine of up to $250,000, a special assessment of $100,

14   and forfeiture as referenced in the Indictment.

15             THE COURT:  Thank you.

16             Mr. Putnam.

17             THE CLERK:  Mr. Lopez, as to Count 1 of the Indictment

18   charging conspiracy to conduct enterprise affairs through a

19   pattern of racketeering activity, in violation of Title 18,

20   United States Code, Section 1962(d), how do you plead?

21             DEFENDANT LOPEZ:  Not guilty.

22             THE COURT:  Thank you.  You may be seated.

23             Mr. Cipoletta, have you reviewed the Indictment with

24   your client?

25             MR. CIPOLETTA:  Yes, your Honor.
```

1               THE COURT:   And have you explained the nature of it to

2     him?

3               MR. CIPOLETTA:   Yes, your Honor.

4               THE COURT:   And does he understand it?

5               MR. CIPOLETTA:   He does.

6               THE COURT:   Is he prepared to be arraigned here today?

7               MR. CIPOLETTA:   Yes, your Honor.

8               THE COURT:   And does he waive the reading of the

9     Indictment in its entirety?

10              MR. CIPOLETTA:   Yes.

11              THE COURT:   The maximum penalty, please.

12              MR. MALLARD:   Thank you, your Honor.

13              This defendant is charged in Count 1, conspiracy to

14    conduct enterprise affairs through a pattern of racketeering

15    activity.  That carries a 20-year maximum term of imprisonment,

16    a term of supervised release of up to three years, a maximum

17    fine of up to $250,000, a special assessment of $100, and

18    forfeiture as referenced in the Indictment.

19              THE COURT:   Thank you.

20              Mr. Putnam.

21              THE CLERK:   Mr. Liberato, as to Count 1 of the

22    Indictment charging conspiracy to conduct enterprise affairs

23    through a pattern of racketeering activity, in violation of

24    Title 18, United States Code, Section 1962(d), how do you

25    plead?

1          DEFENDANT LIBERATO:  Not guilty.

2          THE COURT:  Alright.  You may be seated.  Thank you.

3          Mr. Amabile, have you reviewed the indictment with

4    your client?

5          MR. AMABILE:  Yes, your Honor.

6          THE COURT:  And have you explained the nature of it to

7    him?

8          MR. AMABILE:  Yes, your Honor.

9          THE COURT:  And does he understand it?

10          MR. AMABILE:  Yes, he does.

11          THE COURT:  Is he prepared to be arraigned here today?

12          MR. AMABILE:  Yes, your Honor.

13          THE COURT:  And does he waive the reading of the

14    Indictment of its entirety?

15          MR. AMABILE:  Yes, your Honor.

16          THE COURT:  The maximum penalty, please.

17          MR. MALLARD:  Thank you, your Honor.

18          This defendant is charged in Count 1, which is

19    conspiracy to conduct enterprise affairs through a pattern of

20    racketeering activity.  It carries a 20-year maximum term of

21    imprisonment, a term of supervised release of up to three

22    years, a $250,000 fine, a $100 special assessment, and

23    forfeiture as specified in the Indictment.

24          THE COURT:  Thank you very much.

25          Mr. Putnam.

```
 1            THE CLERK:  Mr. Roldan, as to Count 1 of the

 2   Indictment charging conspiracy to conduct enterprise affairs

 3   through a pattern of racketeering activity, in violation of

 4   Title 18, United States Code, Section 1962(d), how do you

 5   plead?

 6            MR. ROLDAN:  Not guilty.

 7            THE COURT:  You may be seated.  Thank you.

 8            How many witnesses does the Government intend to call

 9   and what's the probable length of trial?

10            MR. MALLARD:  Your Honor, consistent with our other

11   arraignments, it would be approximately 30 to 40 and about a

12   month-long trial.

13            THE COURT:  Alright.  I've set February the 3rd at

14   2:30 for an Initial Status Conference.  I note that there is a

15   Protective Order in place.  Those of you who are willing to

16   sign it, sign it as quickly as possible, and then you'll

17   receive the discovery.

18            Mr. Sultan?

19            MR. SULTAN:  Your Honor, the only other thing, I did

20   submit today a financial affidavit for Mr. Rodriguez.  I would

21   ask that the Court appoint me under the Criminal Justice Act

22   nunc pro tunc to last -- excuse me, December 5th, which was the

23   day of the initial appearance.

24            THE COURT:  Thank you.

25            I have financial affidavits for both Mr. Lopez and
```

1    Mr. Rodriguez this morning and I deem counsel to be appointed

2    in both cases, and in both cases nunc pro tunc to the original

3    appearance in court.

4            MR. SULTAN:   Thank you, your Honor.

5            THE COURT:   I'll enter an order of voluntary detention

6    without prejudice, and then as to Mr. Liberato, I'll be waiting

7    to hear when you're ready for...

8            In the interim, the defendants are remanded to the

9    custody of the United States Marshals.

10

11           (The hearing was concluded.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N


     I, Karen M. Aveyard, Approved Federal Court

Transcriber, do hereby certify that the foregoing transcript,

consisting of 13 pages, is a correct transcript prepared to the

best of my skill, knowledge and ability from the official

digital sound recording of the proceedings in the

above-entitled matter.




/s/ Karen M. Aveyard

Karen M. Aveyard


June 30, 2020

Date