UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.19-cr-10459-RWZ |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MICHAEL CECCHETELLI | ) |
| Defendant. | ) |
| _____ | ) |

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(d) and 18 U.S.C. § 3553(a)**

[T]oo many Americans go to too many prisons for far too long and for no good law enforcement reason...Although incarceration has a role to play in our justice system, widespread incarceration at the federal, state and local levels is both ineffective and unsustainable...It imposes a significant economic burden— totaling $80 billion in 2010 alone — and it comes with human and moral costs that are impossible to calculate.

*Former Attorney General Eric Holder, ABA Speech Aug. 2013.*

Over the past two and a half years we all have lived through the Covid Pandemic and the extraordinary hardships and health risks it has presented.  Although there has been a significant downtrend in cases, the virus variants, and lower than hoped vaccination rates, have us all addressing ongoing risks, especially those in an incarcerated setting. [1]

Individuals awaiting trial and those sentenced to prison have faced significant increased risks as a result of being in

---

[1] Even this courthouse has continued with remote hearings in many cases based on ongoing risks concerning the Covid-19 pandemic.

close quarters with others who contracted the virus.[2]  Courts,
and even the Department of Justice[3] have taken steps to alleviate
those risks through de-incarceration and "compassionate
release."[4]  The First Step Act and Compassionate Release
legislation has further provided Courts with the opportunity to
tailor a particular defendant's sentence in a manner that is
consistent with justice.

This memorandum is being submitted to assist this Honorable
Court in its determination of the most appropriate sentence for
Mr. CECCHETELLI, an individual who, has demonstrated that he has
taken the right steps toward his rehabilitation.  Each of the
available sentencing options under the provisions of 18 U.S.C. §
3553(a), inclusive of any consideration of the advisory United
States Sentencing Guidelines, will be addressed herein.  As set
forth below, Mr. CECCHETELLI respectfully requests the Court to
impose a sentence of *time served with three years of supervised*

---

[2] See *I Begged Them To Let Me Die": How Federal Prisons Became Coronavirus Death Traps*, https://www.themarshallproject.org/2020/06/18/i-begged-them-to-let-me-die-how-federal-prisons-became-coronavirus-death-traps

[3] On March 26, 2020 former Attorney General Barr directed Michael Carvajal, the then Director of the Bureau of Prisons, to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic."

[4] .07/16/2021 - The BOP has 130,384 federal inmates in BOP-managed institutions and 14,297 in community-based facilities. The BOP staff complement is approximately 36,000. As of that date, there were 140 federal inmates and 113 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 43,528 inmates and 6,951 staff have recovered. There have been 240 federal inmate deaths and 4 BOP staff member deaths attributed to COVID-19 disease. Of the inmate deaths, 5 occurred while on home confinement;  https://www.bop.gov/coronavirus/

*release.*  He respectfully submits that such a sentence is reasonable, appropriate and the most cost effective approach in consideration of all the relevant sentencing factors of 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure.

As all the documentation and memorandums that have been submitted in this case make clear,   Mr. CECCHETELLI has clearly demonstrated that he is on the road to redemption. He has now served 33 months of actual time, and given approximately 5 months (150 days) of 18 U.S.C. § 3624(b) good time he will receive, he has *now served a total sentence of 38 months* prior to this disposition. [5]

*Mr. CECCHETELLI's History and Characteristics,* 18 U.S.C. § 3553(a)(1). Mr. CECCHETELLI is now 43 years of age, with a prior federal firearms offense in 2005.  He served three years in federal prison on that case and successfully completed his term of supervised release term,  PSR ¶ 135.  His other criminal history stems back to times when he was a misguided  18 year old. Following his arrest in December 2019 on this case, however, Mr. CECCHETELLI has taken major steps to *turn his life around*, including completing numerous educational programs while in pre-trial detention, <u>See</u> Exhibit A.

Mr. CECCHETELLI also has numerous medical conditions, the most significant of which is a serious heart ailment that

---

[5] Other co-defendants with leadership roles in this "enterprise" have served far less time than the time Mr. CECCHETELLI has already served awaiting trial, <u>Cf.</u> Esther Ortiz..

requires constant monitoring, see Exhibit B (filed under seal). Such medical conditions militate against imposing further imprisonment as he clearly is at a substantially increased risk from the COVID pandemic and said medical conditions are best addressed in a non-institutional setting.

Mr. CHECCHETELLI is a bright and caring individual who has provided significant care to his father who suffers from Parkinson's disease, PSR ¶ 146, his community and his animals. See letters of support, Exhibit C, all of which have a central theme: he is a kind hearted devoted family man who has helped others despite his background, As evident from each of the letters, he has the strong support of his family and the community.

Mr. CECCHETELLI has also undertaken self study in restorative justice program. See Exhibit D. Given the substantial period of Supervised Release that will be over his head there would be little benefit to society of further incarceration.

The Applicable Sentencing Guidelines

As evident from the expected PSR Addendum, Mr. CECCHETELLI strongly disagrees with U.S. Probation in its calculation of the advisory U.S. Sentencing Guidelines Offense Level as well as its calculation of Criminal History.[6] As stipulated at the time of

---

[6] This memorandum is being submitted prior to the final PSR report in order to timely provide the Court with reasons for departure and/or variance from the Guidelines.

the Rule 11 hearing, neither Victim 21 or 22 suffered death or serious bodily injury. The advisory Guidelines make clear that when the offense conduct of the conspiracy "**resulted in an attempted murder or assault with intent to commit murder, apply § 2A2.1.**" That situation occurred here as the conduct stipulated to **resulted in** no more than an assault with intent to commit murder. The base offense level should be found to be **27** as set forth in the objections to the PSR. Mr. CECCHETELLI respectfully submits that with other agreed to adjustments, the **total offense level should be 30 with a Criminal History Category II.** The *advisory range should be 108-135 months* prior to any departures or variances. Mr. CECCHETELLI also disagrees with Probation that there not any identifiable factors that would warrant a departure or variance, PSR ¶s 183-186.   As set forth below, Mr. CECCHETELLI respectfully submits that there are reasonable alternatives to further incarceration given the substantial period of pre-trial detention he has already served.

<u>Extraordinary Acceptance of Responsibility</u>.

Mr. CECCHETELLI plead guilty at a very early stage of this proceeding, bringing to a close any leadership role that he had acquired long ago. Others in this 60 plus co-defendant Indictment quickly followed his lead. It is unknown at the time of this writing what sentence the government will recommend. Regardless of that recommendation, this Honorable Court is best able to assess all 3553(a) factors in imposing an appropriate

5

sentence including the sentences of others similarly situated.

Steps toward rehabilitation and Proposed disposition.

The proposed sentence of time served (amounting to approximately 38 months) with three years of supervised release, is certainly reasonable and appropriate in these uncertain and risky times of the Covid-19 pandemic.[7]  In view of Mr. CECCHETELLI's medical history, and as an alternative to incarceration, Mr. CECCHETELLI suggests that the long term of supervised release hanging over his head will prove to the Court that he is a changed man.  Such a sentence would addresses all 3553(a) factors, in that the sentence would provide adequate punishment and deterrence while allowing Mr. CECCHETELLI to productively return to work and care for his father who is suffering from Parkinson's disease.  Any failures on release will subject him to further incarceration.

To be sure: "[t]he potential for rehabilitation also may comprise grist for the sentencing court's mill. ... [A] founded prospect of meaningful rehabilitation remains a permissible basis for a variant sentence under the now-advisory guidelines." See 18 U.S.C. §3553(a)(2)(C), United States v. Martin, 520 F.3d 87, 93-

---

[7] Even our former "tough on crime" Attorney General, William Barr, had pushed for home confinement as an alternative to prison incarceration during these uncertain times where prisons can become a "petri dish." See. https://abcnews.go.com/Politics/ag-william-barr-pushes-expansion-home-confinement-reduce/story?id=69816504

94 (1st Cir. 2008). <u>See also</u> <u>Pepper v. United States</u>, 562 U.S.\_\_,
131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

The proposed sentence, whether characterized as a variance
or departure, is exactly that contemplated by the Guidelines,
and post *Booker* cases.  As set forth herein, and in the PSR, Mr.
CECCHETELLI is an individual who is an example of the "*unique
study in the human failings that sometimes mitigate*" a sentence,
<u>See</u> <u>United States v. Koon,</u>, 518 U.S. 81, 113 (1996). ("*It has
been uniform and constant in the federal judicial tradition for
the sentencing judge to consider every convicted person as an
individual and every case as a unique study in the human failings
that sometimes mitigate, sometimes magnify, the crime and the
punishment to ensue*").

18 U.S.C. § 3553(a)(4) specifically "permits the court to
tailor the sentence in light of other statutory concerns."  Mr.
CECCHETELLI's program completion and self study of Restorative
Justice while in pre-trial detention has demonstrated that he has
taken important steps towards rehabilitation which falls well
within that rubric. Additionally, the substantial period of
supervised release will also be a cost effective approach to
keeping Mr. CECCHETELLI on the right track.  If he fails, he will
be returned to prison. In these times of the Covid-19  pandemic,
the proposed sentence also addresses other humanitarian concerns.

According to the Bureau of Justice statistics from 2006,
probation and "parole" result in only a 7% rate of return to
incarceration for a federal offender on probation or parole. <u>See</u>

http://www.ojp.usdoj.gov/bjs/pub/pdf/ppus06.pdf table 5.
Probation supervision through supervised release is also a more
cost effective alternative to longer BOP incarceration. See
http://www.nyfederalcriminalpractice.com/2008/05/government-estim
ates-costs-of.html.

The PSR indicates that the cost of post sentence
incarceration is $44,258 versus a sentence with community
supervision being $4,454, PSR ¶ 180.  Given the low rate of
recidivism of community supervision, and Mr. CECCHETELLI's
current steps toward rehabilitation, as well as the risks of
further incarceration during the Pandemic, a period of community
supervision, versus incarceration, would be a cost effective
method of meeting all the goals of sentencing.


**Reasons for Departure from the Applicable Guideline
Level, and/or Variance with the Guidelines based on 18 U. S. C. §
3553(a) factors.**

As set forth herein, this Honorable Court is free to depart
or vary below the sentencing range of *the Advisory Guideline* in
accordance with all 3553(a) factors.
For example:

1. Although Mr. CECCHETELLI has a prior criminal history,
most of his offenses that resulted in Probation's calculation of
criminal history points, had occurred over 20 years ago. On his
federal sentence from 2005, he successfully completed his
supervised release;

2. Mr. CECCHETELLI has demonstrated an extraordinary
acceptance of responsibility;

3. Mr. CECCHETELLI  has undertaken steps toward better himself by not only completing numerous courses while in pre trial detention, but also undertaking self study in restorative justice;

4.   Any further incarcerated sentence would cause a major loss of any ability to exercise a care-taking support of his father who suffers from Parkinson's disease. A defendant's "service of a sentence...[that] will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family" is an appropriate basis for departure. See: U.S.S.G § 5H1.7(B)(i);

5. Mr. CECCHETELLI has medical conditions that are best handled outside of an institutional setting;

6. There exist alternatives that are more cost effective and sufficient but not greater than necessary to carry out the goals of sentencing.  The current Pandemic cries out for consideration of alternatives to prison incarceration for humanitarian reasons;

7. The totality of circumstances that demonstrate that Mr. CECCHETELLI *is a unique study in the human failings that... mitigate, ...the crime and the punishment to ensue...*

///

///


///

## CONCLUSION - SENTENCING RECOMMENDATION

WHEREFORE, MICHAEL CECCHETELLI, respectfully requests this Honorable Court to sentence him to **a term of time served with three years of supervised release** with no resources to pay a fine.


Date: August 8, 2022       Respectfully submitted,

                                      BOURBEAU & BONILLA, LLP

                                      *S/ Michael C. Bourbeau*

                                      MICHAEL C. BOURBEAU BBO# 545908
                                      Boston Waterboat Marina
                                      66 Long Wharf Rear
                                      Boston, MA 02110
                                      (617) 350 6565

                                      Attorney for Defendant
                                      MICHAEL CECCHETELLI

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

*S/ Michael C. Bourbeau*